# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-00207-RLV

| | |
|---|---|
| RUTH SHERLIN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion for Attorneys' Fees, brought pursuant to 42 U.S.C. § 406(b) (hereinafter, the "Motion"). [Doc. No. 15]. After considering the Plaintiff's submissions, relevant law, and all matters of record, the Court hereby **DENIES** the Motion.

Plaintiff's counsel seeks an award of attorney fees under Section 406(b) of the Social Security Act, which provides, in relevant part, that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b).

Case law provides that a court should review contingent fee agreements, such as the one here, for reasonableness. *See Griffin v. Astrue*, 2012 U.S. Dist. LEXIS 107911, 2012 WL 3155578 at *2 (W.D.N.C. Aug. 2, 2012) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002); *Mudd v. Barnhart*, 418 F.3d 424 (4th Cir. 2005)); *see also McKinney v. Colvin*, 2016 U.S. Dist. LEXIS 62905 (W.D.N.C. May 12, 2016). The Fourth Circuit has directed that district courts should consider the complexity of the case, the lawyering skills necessary to handle it effectively, the risks

involved, and the significance of the result achieved in district court when analyzing whether a contingency fee arrangement is reasonable. *See Mudd*, 418 F.3d at 428.

Plaintiff's counsel now seeks an award of $10,000.00 in attorney's fees. [Doc. No. 15] at p. 2. While Plaintiff has filed a copy of the contingency fee agreement (*see* Doc. No. 12-2), Plaintiff has failed to file the following: an affidavit supporting counsel's time spent on this case (both before and after remand); an affidavit authenticating the fee agreement; or any statement about the complexity of the case or the lawyering skills necessary to handle it.

Accordingly, the Motion is hereby **DENIED** *without prejudice* to refile with appropriate documentation.

**SO ORDERED**.

Signed: June 2, 2016

Richard L. Voorhees
United States District Judge